# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | | |
|---|---|---|
| **ANGELA MURPHY, proceeding on behalf of her minor child JANE DOE,** | ) ) ) | |
| Plaintiff, | ) ) | Case No. 7:17CV00370 |
| v. | ) ) | **OPINION AND ORDER** |
| **DANIEL L. CRANDALL,** | ) ) ) | By: James P. Jones United States District Judge |
| Defendant. | ) | |

*Angela Murphy, Pro Se Plaintiff; Richard E. Ladd, Jr., Penn Stuart, Bristol, Tennessee, and William W. Eskridge, Penn Stuart, Abingdon, Virginia, for Defendant.*

Plaintiff Angela Murphy, proceeding pro se, filed this suit on behalf of her minor child, Jane Doe. Invoking the court's diversity jurisdiction, she asserts state law claims of assault, battery, sexual assault and sexual battery on a minor child, sexual abuse of a minor child, intentional infliction of emotional distress, and reckless infliction of emotional distress. The defendant has moved to dismiss for lack of standing and has also moved to strike Exhibits B and C to the Complaint. Murphy has responded to these motions and has filed a Motion for Leave to Amend Complaint.

The defendant argues that the Complaint must be dismissed because it is captioned improperly according to Virginia law, and Murphy lacks standing to

bring this suit in her own name. A Virginia statute provides that "[a]ny minor entitled to sue may do so by his next friend. Either or both parents may sue on behalf of a minor as his next friend." Va. Code Ann. § 8.01-8. The Supreme Court of Virginia has held that such a suit must be brought in the name of the minor rather than in the name of the next friend. *Herndon v. St. Mary's Hosp., Inc.*, 587 S.E.2d 567, 570 (Va. 2003). The defendant argues that under Virginia law, when a suit on behalf of a minor is brought in the name of the next friend, the error cannot be cured by amending the complaint. Instead, the complaint must be dismissed. *See id.* at 477; *Kirby v. Gillam*, 28 S.E.2d 40, 45 (Va. 1943).

This case is in federal court, however, and I must apply federal law to questions of procedure. *See Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938) (holding that federal courts sitting in diversity are to apply state substantive law and federal procedural law). Although the defendant contends that capacity to sue is a substantive issue of Virginia law, the issue is addressed by the Federal Rules of Civil Procedure. Rule 17(b)(1) provides that capacity to sue is a question for the law of the individual's domicile. In addition, the Rules state, "A minor or an incompetent person who does not have a duly appointed representative may sue by a next friend or by a guardian ad litem." Fed. R. Civ. P. 17(c)(2).

Doe's domicile is not Virginia, but Massachusetts. The Massachusetts rules require that "every action shall be prosecuted in the name of the real party in

interest." Mass. R. Civ. P. 17(a). An infant's "representative may sue or defend on behalf of the infant." *Id*. at 17(b). An infant without an appointed representative may sue by a next friend. *Id.*

> No action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed after objection for ratification of commencement of the action by, or joinder or substitution of, the real party in interest; and such ratification, joinder, or substitution shall have the same effect as if the action had been commenced in the name of the real party in interest.

*Id*. at 17(a).

The federal rules similarly prohibit a court from dismissing a case that was improperly filed in the name of someone other than the real party in interest "until, after an objection, a reasonable time has been allowed for the real party in interest to ratify, join, or be substituted into the action. After ratification, joinder, or substitution, the action proceeds as if it had been originally commenced by the real party in interest." Fed. R. Civ. P. 17(a)(3).

Applying federal procedural law, as well as Massachusetts state law governing suits by minors, I will deny the Motion to Dismiss and grant the plaintiff's Motion for Leave to Amend Complaint. Jane Doe shall be substituted as plaintiff, and the caption shall hereafter read "Jane Doe, an infant, by her next friend, Angela Murphy."

The defendant has also moved to strike two exhibits from the Complaint, stating only that the exhibits are not expressly referenced in the Complaint. Rule

interest." Mass. R. Civ. P. 17(a). An infant's "representative may sue or defend on behalf of the infant." *Id*. at 17(b). An infant without an appointed representative may sue by a next friend. *Id.*

> No action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed after objection for ratification of commencement of the action by, or joinder or substitution of, the real party in interest; and such ratification, joinder, or substitution shall have the same effect as if the action had been commenced in the name of the real party in interest.

*Id*. at 17(a).

The federal rules similarly prohibit a court from dismissing a case that was improperly filed in the name of someone other than the real party in interest "until, after an objection, a reasonable time has been allowed for the real party in interest to ratify, join, or be substituted into the action. After ratification, joinder, or substitution, the action proceeds as if it had been originally commenced by the real party in interest." Fed. R. Civ. P. 17(a)(3).

Applying federal procedural law, as well as Massachusetts state law governing suits by minors, I will deny the Motion to Dismiss and grant the plaintiff's Motion for Leave to Amend Complaint. Jane Doe shall be substituted as plaintiff, and the caption shall hereafter read "Jane Doe, an infant, by her next friend, Angela Murphy."

The defendant has also moved to strike two exhibits from the Complaint, stating only that the exhibits are not expressly referenced in the Complaint. Rule

12(f) allows a court to strike from a pleading "any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Exhibits B and C are relevant to the plaintiff's claims, but in view of their content, I will direct that they be placed under seal and deny the Motion to Strike.

Murphy, who is not a lawyer, faces another problem in this case that has not been raised by the defendant, but that I am obligated to raise sua sponte. The Fourth Circuit has held that a parent suing on behalf of a minor child may not proceed pro se, but must have counsel. *Myers v. Loudoun Cty. Pub. Sch.*, 418 F.3d 395, 399-401 (4th Cir. 2005) ("We therefore join the vast majority of our sister circuits in holding that non-attorney parents generally may not litigate the claims of their minor children in federal court."). This rule is designed to protect the minor child from the likely harm resulting from representation in court by one who is not legally trained. *See id.* Murphy has represented that she is diligently working to secure counsel. Because she is legally unable to prosecute this case without an attorney, I will stay this matter for 60 days to give her an opportunity to obtain counsel. She may wish to contact the Virginia Lawyer Referral Service at 1-800-552-7977 or www.vsb.org/vlrs/.

For the foregoing reasons, it is **ORDERED** that:

1. The Motion to Dismiss and Motion to Strike, ECF No. 6, are DENIED;

2. The Motion for Leave to Amend Complaint, ECF No. 20, is GRANTED;

3. "Jane Doe, an infant, by her next friend, Angela Murphy" is substituted as the plaintiff in this case and the Clerk is directed to change the case caption;

4. The clerk is directed to place the exhibits to the Complaint under seal until further order of the court; and

5. This case is STAYED for 60 days from the date of entry of this Opinion and Order or until counsel enters an appearance on behalf of the plaintiff.

ENTER: October 23, 2017

/s/ James P. Jones
United States District Judge